IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,       §
                                §
        Plaintiff/Respondent,   §
                                §
v.                              §        CIVIL ACTION NO. H-14-1476
                                §        (CRIMINAL NO. H-11-466)
LESLIE AIKENS,                  §
                                §
        Defendant/Petitioner.   §

## MEMORANDUM OPINION AND ORDER

Defendant-Petitioner Leslie Aikens ("Aikens") has filed a
Motion to Vacate, Set Aside, or Correct Defendant's Sentence
Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") (Docket Entry No.
113).[1]  The United States has filed United States' Motion to
Dismiss Movant's 2255 Motion ("Motion to Dismiss") (Docket Entry
No. 125), to which Aikens has filed Defendant/Mov[a]nt's Response
to United States' Motion to Dismiss Movant's § 2255 ("Response")
(Docket Entry No. 129).  For the reasons explained below, the court
will grant the Unites States' Motion to Dismiss and deny Aikens's
§ 2255 Motion.

### I.   Factual and Procedural Background

Following a FBI sting operation in which Aikens, then a
Houston Police Department officer, escorted a load of drugs carried

_____

[1]All docket entry references are to Criminal No. H-11-466.
Page citations are to the pagination imprinted by the federal
court's electronic filing system at the top and right of the
document.

by a government informant, Aikens was charged with aiding and abetting possession of a controlled substance with intent to distribute and Hobbs Act extortion.[2]  A jury convicted Aikens of both counts.[3]  The court sentenced Aikens to 188 months in prison, to be followed by a 5-year term of supervised release, a fine of $5000, and a $200 special assessment.[4]  Aikens filed a pro se appeal,[5] the Fifth Circuit affirmed,[6] and Aikens then filed the pending § 2255 Motion.

## II. **Analysis**

### A. § 2255 Standard of Review

A prisoner serving a sentence imposed by a federal court "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  If the court concludes that the prisoner's motion is meritorious, it must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or

---

[2]See Indictment, Docket Entry No. 1.

[3]See Verdict, Docket Entry No. 62.

[4]See Judgment in a Criminal Case, Docket Entry No. 83.

[5]See Notice of Appeal, Docket Entry No. 85.

[6]See Judgment, Docket Entry No. 110; Per Curium Opinion, Docket Entry No. 111.

correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "Following a conviction and exhaustion or waiver of the right to direct appeal, [the court] presume[s] a defendant stands fairly and finally convicted." United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). Therefore, only two types of claims may be raised in a § 2255 motion. First, a § 2255 petitioner may raise a constitutional or jurisdictional claim. Id. Second, a § 2255 petitioner may assert any other type of claim that could not have been raised on direct appeal. Id. To obtain relief on this second type of claim the petitioner must show that allowing the asserted error to stand "would result in a complete miscarriage of justice." Id.

Mindful of Aikens's pro se status, the court has liberally construed his § 2255 Motion and related filings. See Estelle v. Gamble, 97 S. Ct. 285, 292 (1976) ("[A] pro se document is to be liberally construed"); Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam) (stating that pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, a pro se petitioner's "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."

-3-

United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989)."
The court gives no weight to factual assertions "unsupported and
unsupportable" by evidence in the record.  See Ross v. Estelle, 694
F.2d 1008, 1011 (5th Cir. 1983).

## B. Ineffective Assistance of Counsel Standard of Review

Aikens claims that his trial counsel ("Counsel") provided
ineffective assistance.  The Sixth Amendment to the United States
Constitution guarantees criminal defendants the right to effective
assistance of counsel.  Yarbrough v. Gentry, 124 S. Ct. 1, 4
(2003).  The benchmark for judging any claim of ineffectiveness
must be whether counsel's conduct so undermined the proper
functioning of the adversarial process that the trial cannot be
relied on as having produced a just result."  Strickland v.
Washington, 104 S. Ct. 2052, 2064 (1984).  A petitioner asserting
ineffective assistance of counsel therefore must demonstrate that
(1) counsel's performance was deficient and (2) counsel's deficient
performance prejudiced the defense.  Id.  "Failure to prove either
deficient performance or actual prejudice is fatal to an
ineffective assistance claim."  Carter v. Johnson, 131 F.3d 452,
463 (5th Cir. 1997).  "A court need not address both components of
the inquiry if the defendant makes an insufficient showing on one."
Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

"The performance prong of Strickland requires a defendant to
show that counsel's representation fell below an objective standard
of reasonableness."  Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012)

(internal quotation marks and citation omitted). "Therefore, courts may not fall prey to 'the distorting effect of hindsight' but must be 'highly deferential' to counsel's performance." Carter, 131 F.3d at 463 (quoting Strickland, 104 S. Ct. at 2065-66). "Hence, there is a strong presumption that the performance 'falls within the wide range of reasonable professional assistance.'" Id. (same). The burden is on the defendant to overcome this presumption. Id.

To establish Strickland prejudice a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The defendant thus "must establish that the attorney's errors were so deficient as to render the verdict fundamentally unfair or unreliable." Carter, 131 F.3d at 463. The burden is on the defendant to affirmatively prove prejudice. Strickland, 104 S. Ct. at 2067.

## C. Aikens's Arguments

In his § 2255 Motion, Aikens identifies seven grounds for relief, each premised on his attorney's alleged ineffective assistance at trial. The court addresses each in turn.

### 1. Failure to Inform Aikens of his Right to Testify

It is well established that a defendant has a right to testify at trial and that only the defendant can waive that right, not his

-5-

counsel.  <u>United States v. Harris</u>, 408 F.3d 186, 192 (5th Cir. 2005).  Such a waiver must be knowing and voluntary.  <u>Id.</u>  "When a defendant argues that his counsel interfered with his right to testify, the appropriate vehicle for such claims is a claim of ineffective assistance of counsel under <u>Strickland</u>."  <u>United States v. Willis</u>, 273 F.3d 592, 598 (5th Cir. 2001).  Aikens asserts that "[d]efense counsel failed to apprise Aikens of his right to take the stand and testify on his behalf.  In fact, defense counsel did not conduct an interview of Aikens prior to and in preparation of going to trial."[7]  Aikens's trial counsel contends that "[t]his allegation is without merit and is not true."[8]  Counsel states that, in fact, he met with Aikens on numerous occasions and discussed the pros and cons of Aikens testifying.[9]  Counsel states that he actually encouraged Aikens to testify: "I told [Aikens] that in my view that only through his testimony at trial could his conduct be explained."[10]  Counsel also points to a proposed plea agreement, tendered by the government early in the case, which outlines Aikens's rights at trial, including testifying on his own behalf.[11]

----

[7] § 2255 Motion, Docket Entry No. 113, p. 3.

[8] Affidavit, Docket Entry No. 124 (SEALED), p. 1.

[9] <u>See</u> <u>id.</u> at 1–7.

[10] <u>Id.</u> at 4.

[11] <u>See</u> Plea Agreement, Exhibit 1 to Affidavit, Docket Entry No. 124-1, p. 8 ¶15(c).

-6-

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross, 694 F.2d at 1011.  There is simply nothing in the record to support Aikens's assertion that he was never informed of his right to testify or that his lawyer never even interviewed him before trial.  In fact, his attorney has provided credible testimony to the contrary.

In his Response, Aikens does not dispute that his attorney discussed with him the possibility of taking the stand.[12]  Nor does Aikens contend that he ever expressed his desire to testify or that Counsel ignored such a request.  Aikens instead argues, contrary to his Counsel's affidavit testimony, that Counsel never asked "the actual cardinal question" during the trial.[13]  However, Counsel describes in significant detail a conversation he had with Aikens prior to resting his case, and Counsel states that it was Aikens's

_____

[12]See Response, Docket Entry No. 129, p. 2.

[13]See id.  This is a liberal construction of Aikens's argument. More precisely, Aikens's Response does not deny that this conversation occurred, but appears to argue that there is no evidence in the record that he was asked whether or not he wanted to testify at trial.  See id. ("In [Counsel's] Affidavit and accompanying documentation, no such conversation - when the time came for Aikens to testify - transpired between Jones and Aikens.") Clearly, Counsel's affidavit reflects that this conversation occurred.  See Affidavit, Docket Entry No. 124 (SEALED), pp. 6-8. Aikens is correct, however, that the conversation itself was not recorded in the trial transcripts or elsewhere in the record.

-7-

decision not to testify.[14]  A district court considering "competing affidavits" in a § 2255 motion "can use its own knowledge of the record, its observations from trial, its prior experience with the parties and counsel, and clear contradictions between an affidavit and other record documents to determine whether the § 2255 movant is entitled to 'no relief.'"  United States v. Arledge, No. 13-60020, 2015 WL 195448, at *2 (5th Cir. Jan. 15, 2015).  Where, as here, "a dueling affidavit conclusively negates the movant's allegations," and the Court has "personal knowledge of the affiant-lawyer's general credibility," the court may resolve the dispute without looking beyond the documents in the record.  See id. (internal quotation marks and citations omitted).  In light of the record, the court's knowledge of the case, and the court's familiarity with the attorney involved, the court is not persuaded that Counsel failed to inform Aikens of his right to testify at trial or that the decision not to testify was anyone's but Aikens's.

Even if Aikens's allegations are taken as true, however, and even if they are construed as alleging that Counsel interfered with Aikens's right to testify, Aikens has not met his burden to show prejudice.  A defendant who argues that his attorney prevented him from testifying must still satisfy the prejudice prong of Strickland.  United States v. Harris, 408 F.3d 186, 192 (5th Cir.

---

[14]See Affidavit, Docket Entry No. 124 (SEALED), pp. 6-8.

2005).   Under <u>Strickland</u>, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury."   104 S. Ct. at 2069.   The court then must ask "if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." <u>Id.</u>   "This is a heavy burden which requires a substantial, and not just a conceivable, likelihood of a different result."   <u>United States v. Wines</u>, 691 F.3d 599, 604 (5th Cir. 2012).   (internal quotation marks and citation omitted).   Aikens argues that "had he taken the stand [he] would have been able to refute allegations not simply by his verbal assertions, but would have allowed defense counsel to introduce crucial exculpatory evidence to dispel incorrect testimony presented by the government and its witnesses."[15]   Apart from these conclusory allegations, Aikens identifies only two pieces of allegedly exculpatory evidence that his testimony would have provided: Aikens would have testified that the government's investigation started one month earlier than alleged and that Aikens was not carrying his service weapon at the time of the offense.[16]   The court sees neither the relevance nor the potential credibility of Aikens's testimony as to the start date of

---

[15]§ 2255 Motion, Docket Entry No. 113, p. 3.

[16]<u>See</u> <u>id.</u> at 4 ¶7; Response, Docket Entry No. 129, p. 3. Aikens states that he is awaiting information from third parties to further support his allegations.  <u>See</u> <u>id.</u> However, any information not already known to Aikens would not shed light on the testimony he would have given at trial.

the government's investigation.   Further, whether Aikens was carrying his service weapon at the time of the offense was not an issue at the guilt-innocense phase of trial, and for the reasons discussed in Section II.C.6 below, Aikens's testimony would not have changed the results at sentencing.   More importantly, the government's case against Aikens was overwhelming.   The evidence presented to the jury included a signed confession by Aikens,[17] recorded conversations between Aikens and a government informant,[18] and video of Aikens committing the crime.[19]   Accordingly, lack of testimony from Aikens did not render the jury's verdict or the court's sentence fundamentally unfair or unreliable.   Because Aikens has shown neither deficiency nor prejudice, his claim lacks merit.

   2.   <u>Failure to Investigate</u>

Aikens alleges that "[d]efense counsel was ineffective in that he performed no investigation of the case whatsoever which caused him to be unprepared to try the case."[20]   This allegation is belied by the record, which, among other things, includes numerous

---

[17]<u>See</u> Trial Transcript, Volume 2, Docket Entry No. 100, pp. 34-35.

[18]<u>See, e.g.</u>, <u>id.</u> at 44-46, 50-51, 56, 58-60; Trial Transcript, Volume 3, Docket Entry No. 101, pp. 25, 30-31, 33-35.

[19]<u>See, e.g.</u>, Trial Transcript, Volume 3, Docket Entry No. 101, pp. 15-19.

[20]§ 2255 Motion, Docket Entry No. 113, p. 3.

discovery motions by Aikens's attorney and various indications that Counsel was actively reviewing government documents.[21]

Aikens points to four pages, out of nearly 275, of the trial transcript that he claims "lays bare defense counsel's dumbfoundedness as to what was actually transpiring."[22]  Those pages reflect Counsel's confusion as to which of two government forms is used to record a certain tracking number and a colloquy regarding the contents of an exhibit.  Aikens has failed to show that Counsel's performance fell outside the wide range of reasonable professional assistance.  His claim is without merit.

3.  <u>Failure to Cross Examine</u>

Aikens contends that "[d]efense counsel failed to adversarially cross examine government witnesses."[23]  This allegation has no support in the record.  Counsel vigorously cross-examined the government's primary witness, FBI Agent Tracy Munoz,

---

[21]<u>See, e.g.</u>, Opposed Motion for Inspection of Grand Jury Testimony, Docket Entry No. 19; Jencks Motion, Docket Entry No. 21; Motion to Require the Government to Give the Defendant Notice of the Government[']s Intention to Use Evidence, Docket Entry No. 22; Motion to Require the Government to Reveal Any Agreement Entered into Between the Government and Any Prosecution Witness that Could Conceivably Influence their Testimony, Docket Entry No. 23; Defendant's Motion for Witness Statements, Docket Entry No. 26. Similarly, the transcript of Aikens's suppression hearing, filed under seal, reflects that Counsel had a firm grasp of the facts surrounding the government's investigation and had been to the United States Attorney's office to review files made available by the government.  <u>See</u> Transcript, Docket Entry No. 52 (SEALED).

[22]<u>See</u> § 2255 Motion, Docket Entry No. 113, p. 5 (citing Trial Transcript, Volume 1, Docket Entry No. 105, pp. 36-38, 49).

[23]<u>Id.</u>

-11-

for approximately two and a half hours.[24]  Aikens's claim has no merit.

### 4.   Failure to Request Entrapment Instruction

Aikens contends that "[d]efense counsel failed to ask for and amend the jury instruction to include (entrapment)."[25]  Aikens provides no support for an entrapment defense and therefore no basis on which to find that counsel's performance was deficient or that there is a reasonable probability that the result at trial would have been different had such an instruction been given. Aikens has not met his burden with respect to this claim.

### 5.   Failure to Oppose Drug Quantity

Aikens argues that "[d]efense counsel failed to adequately challenge the supposed drug quantity which was arbitrarily and unilaterally determined by Officer Munoz.  In fact [there] never were any drugs whatsoever."[26]  First, Counsel did challenge whether Aikens knew there were drugs in the escorted vehicle, whether he knew the amount, who determined that amount, and whether the crime lab could prove that the drugs it tested were ever in Aikens's

---

[24]See Trial Transcript, Volume 1, Cross Examination of Tracy Munoz, Docket Entry No. 105, pp. 2-69; see also Trial Transcript Volume 3, Docket Entry No. 101, pp. 41-42 (cross examining the government's other witness, a crime lab supervisor).

[25]§ 2255 Motion, Docket Entry No. 113, p. 4.

[26]Id.

possession.[27]   Counsel pressed the issue again at sentencing.[28]
Second, evidence admitted at trial showed that the drugs used in
the operation were, in fact, cocaine.[29] Aikens presents no evidence
to the contrary.   Aikens has not overcome the presumption that
Counsel's actions fell within the wide range of reasonable
professional assistance or shown that the result would have been
different had Counsel proceeded differently.

> 6.   <u>Failure to Challenge Firearm Enhancement</u>

Aikens contends that Counsel failed to challenge the
government's assertion that he was carrying his firearm at the time
of the offense, which resulted in a 2-level enhancement under the
sentencing guidelines.[30]  This assertion is plainly false.  Counsel
challenged the firearm enhancement and argued, as Aikens does, that
there was no evidence in the record to support the conclusion that
Aikens was carrying his service weapon.[31]  The court denied that
objection and explained on the record why it believed Aikens was in
possession of his firearm at the time of the offense.[32]  As alluded

---

[27]<u>See, e.g.</u>, Trial Transcript, Volume 1, Docket Entry No. 105,
pp. 17–27; Trial Transcript, Volume 3, Docket Entry No. 101, p. 42.

[28]<u>See</u> Transcript of Sentencing, Docket Entry No. 122, pp.
10–13.

[29]<u>See, e.g.</u>, Trial Transcript, Volume 3, Docket Entry No. 101,
pp. 35–41.

[30]<u>See</u> § 2255 Motion, Docket Entry No. 113, p. 4.

[31]<u>See</u> Objections to the Presentence Investigation Report on
Behalf of Defendant, Leslie Aikens, Docket Entry No. 75 (SEALED).

[32]<u>See</u> Transcript of Sentencing, Docket Entry No. 122, pp. 2-3.

to in Section II.C.1 above, the court would have reached the same conclusion had Aikens testified at trial. Aikens has shown neither deficiency nor prejudice, and this claim is without merit.

    7.   <u>Failure to Investigate Timeline of Investigation</u>

Lastly, Aikens alleges that "[d]efense counsel failed to investigate the premise of the investigation headed by Officer Munoz who testified that said investigation began in November 2010 when in actuality it began in October 2010."[33] Aikens offers no explanation as to why this would be material to the proceedings, and he therefore has shown neither deficiency nor prejudice.

**D.  Request for Enlargement of Time or Evidentiary Hearing**

In his Response, Aikens requests an enlargement of time or, in the alternative, an evidentiary hearing.[34] Aikens asks for an additional 30 days so that he can review the documents filed by Counsel and offer further support for Aikens's § 2255 Motion.[35] The documents in question were filed as exhibits to Counsel's affidavit, which Aikens has clearly read.[36] The court has thoroughly reviewed those exhibits. With the exception of a proposed plea agreement, which Aikens addresses in his Response,[37]

---

[33]§ 2255 Motion, Docket Entry No. 113, p. 4.

[34]<u>See</u> Response, Docket Entry No. 129, p. 4.

[35]<u>See</u> <u>id.</u>

[36]<u>See, e.g.</u>, <u>id.</u> at 1-2.

[37]<u>See</u> <u>id.</u> at 2.

and a transcript of Counsel's cross examination, which appears elsewhere in the record,[38] the court has not relied on any of those exhibits to reach its conclusion. Because Aikens need not further address the exhibits, his request for additional time will be denied.

"The question whether an evidentiary hearing is necessary to resolve charges of ineffective assistance depends on an assessment of the record." United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990). A motion brought under 28 U.S.C. § 2255 may be denied without a hearing if the motion, files, and record conclusively show that the prisoner is entitled to no relief. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). "If the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further." Smith, 915 F.2d at 964. "A hearing is also unnecessary when the petitioner's allegations are 'inconsistent with his conduct' and when he does not offer 'detailed and specific facts' surrounding his allegations." Id. (quoting Davis v. Butler, 825 F.2d 892, 894 (5th Cir. 1987)).

Aikens's conclusory allegations in his § 2255 Motion are wholly unsupported, and often directly contradicted, by the record. The allegations therefore lack merit, and the record is adequate to dispose of them fairly. Furthermore, this court, having presided over the original trial, is "familiar[] with the evidence,

---

[38]See Trial Transcript, Volume 1, Cross Examination of Tracy Munoz, Docket Entry No. 105.

testimony, and trial strategy," and therefore is "well-positioned . . . to make an ultimate determination — based on the papers and [its] experience with the case — on whether [Aikens's] counsel rendered constitutionally ineffective assistance." See Arledge, 2015 WL 195448, at *2.  No evidentiary hearing is required.

### VII.   Conclusion and Order

For the reasons explained above, the court concludes that Aikens has not established that he is entitled to relief on any of the grounds he alleges.  Accordingly, Aikens's Motion to Vacate, Set Aside, or Correct Defendant's Sentence Pursuant to 28 USC § 2255 (Docket Entry No. 113) is **DENIED**.  The United States' Motion to Dismiss Movant's 2255 Motion (Docket Entry No. 125) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 23rd day of March, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE